Filed 11/3/21  P. v. Rivas CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>CONNIE LOUISE RIVAS,<br><br>  Defendant and Appellant. | F080380<br><br>(Fresno Super. Ct. No. F18903049)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Adolfo M. Corona, Judge.

Linda J. Zachritz, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Levy, Acting P. J., Detjen, J. and Franson, J.

## INTRODUCTION

Appellant and defendant Connie Louise Rivas has appealed from the superior court's finding that she was not competent to stand trial. On appeal, her appellate counsel has filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 9, 2018, a complaint was filed in the Superior Court of Fresno County charging defendant with committing the following offenses on or about January 9, 2018: count 1, false personation of L.J. (Pen. Code, §529, subd. (a)(3));[1] and count 2, misdemeanor petty theft at J.C. Penny's department store (§ 484, subd. (a)), with one prior strike conviction.

On July 30, 2018, defendant pleaded not guilty, and the court issued and served her with a criminal protective order pursuant to section 136.2, prohibiting contact with L.J.

Thereafter, defendant was on pretrial release, failed to appear, and was remanded on bench warrants throughout 2018 and 2019.

**Competency proceedings**

On June 20, 2019, the court convened a hearing on the instant case and defendant's six other pending criminal cases. Based on an advisement from defense counsel, the court declared a doubt as to defendant's competency, suspended criminal proceedings pursuant to section 1368, and appointed an expert to examine defendant.

On August 5, 2019, the court reviewed the report and found defendant was not competent and referred the matter to forensic mental health to recommended appropriate services.

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated.

On September 5, 2019, the court ordered defendant committed and transported to the Department of State Hospitals for restoration to competency treatment at a locked facility.

On November 20, 2019, defendant filed a notice of appeal.

## DISCUSSION

As noted above, defendant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that defendant was advised he could file his own brief with this court. By letter on May 6, 2020, sent to defendant at Patton State Hospital, we invited her to submit additional briefing. On May 19, 2020, the letter was returned as undeliverable.

On May 21, 2020, appellate counsel provided an updated address for defendant. On June 4, 2020, the letter was resent to Napa State Hospital. On June 23, 2020, the letter was again returned as undeliverable.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.

3.